(74 South. 1002)

No. 21097.

PRYOR et al. v. BOARD OF SCHOOL DI-
RECTORS OF CLAIBORNE PARISH.

(April 16, 1917.)

*(Syllabus by the Court.)*

SCHOOLS AND SCHOOL DISTRICTS ☞103(2) —
SPECIAL ELECTION AND TAX—VALIDITY.

A resolution adopted at a special meeting of
a board of school directors, calling a special
election for the property taxpayers of the school
district to vote upon a proposition to levy a
special school tax, was adopted under the fol-
lowing circumstances and conditions, viz.: Four
of the ten members composing the board were
not notified that the special meeting would be
held. The other six members, constituting a
quorum, were the only members present at the
meeting. Four of them voted in favor of the
resolution, calling the election, and the other two
voted against it. *Held,* the proceedings were
invalid, and the special election held in pur-
suance thereof, and the tax levied under author-
ity of the election, are null and void, notwith-
standing one-fourth of the property taxpayers'
had petitioned the board of school directors to
call the election, and the law required the board
to call it on such a petition.

[Ed. Note.—For other cases, see Schools and
School Districts, Cent. Dig. §§ 114, 241.]

Appeal from Third Judicial District Court,
Parish of Claiborne; William C. Barnette,
Judge.

Suit by Wade K. Pryor and others against
the Parish Board of School Directors of Clai-
borne Parish, to annul a special election and
a special school tax. From a judgment re-
jecting their demand and decreeing the spe-
cial election and school tax valid, plaintiffs
appeal. Judgment annulled, and adjudged
that special election and special tax are void.

McClendon & McClendon, of Homer, for
appellants. T. T. Land, Dist. Atty., of Ho-
mer, for appellee.

O'NIELL, J. The plaintiffs, property tax
payers in the school district No. 17 of the
parish of Claiborne, brought this suit to an-
nul a special election, and a special school
tax of 10 mills on the dollar levied in pursu-
ance thereof for the term of five years. They
prosecute this appeal from a judgment re-
jecting their demand and decreeing the spe-
cial election and school tax valid.

Several grounds are urged for demanding
that the election and school tax be decreed
null; the most serious of which is that four
of the ten members composing the parish
board of school directors were not notified
of the calling of the special meeting at which
the election was called, and that of the six
members who attended the meeting only four
voted in favor of the resolution calling the
election.

It appears that a special election had been
held in the school district No. 17 in June,
1914, at which a majority in number and
amount of the property tax payers voted to
levy the special tax of 10 mills on the dollar
for a period of five years. A suit was
brought by certain property tax payers to
annul that election on account of certain al-
leged irregularities in the proceedings. The
members of the board of school directors re-
siding in Homer, the parish seat, fearing
that the suit would result in a decree of null-
ity of the election, decided, on Saturday, the
22d of August, 1914, to request the president
of the board, who resided several miles out
in the country, to call a special meeting of
the board for the purpose of ordering an-
other election. On Monday morning, the 24th
of August, 1914, the secretary of the board
received instructions from the president to
notify the members of the board that a spe-
cial meeting would be held in Homer on
Tuesday, the 25th. The secretary notified
as many members as he could by telephone,
and mailed post cards to others, advising
them that a special meeting of the board
would be held in Homer on the next day, for
the purpose of calling a special election to
be held on the 2d of October, 1914. One
member was not notified at all, the secretary
having depended upon a messenger to notify
him verbally. Three other members, resid-

ing in remote parts of the parish, received their notices by mail the day after the election was held. The only train by which the notices could have reached them before the hour of the meeting had left the town of Homer when the secretary mailed the notices. The meeting was therefore held by six members, who constitued a quorum. Four of the members present voted in favor of the resolution calling the special election, and two voted against it.

The district court held that the fact that, of the ten members composing the parish board of school directors, two voted against the resolution and four were not allowed an opportunity to vote upon it at all, did not render the election null, because, under section 2 of Act No. 256 of 1910, the board of school directors was required to call the election when requested to do so by the petition of one-fourth of the property tax payers eligible to vote in the election. It is not denied by the plaintiffs in this suit that the petition to the board of school directors, requesting that body to call the election, was signed by one-fourth of the property tax payers eligible to vote in the election.

Section 2 of Act No. 256 of 1910 authorizes the parish board of school directors to call a special election for the purpose of submitting to the property tax payers a proposition to levy a special tax in aid of public schools, without any request from the property tax payers. And that section of the law further provides that the parish board of school directors shall be required to call an election for that purpose when requested to do so by the written petition of one-fourth of the property tax payers eligible to vote in the election. But we cannot agree with the learned district judge that, because the parish board of school directors was required, as a mandatory duty, to call the election,

therefore the call for the election need not be regular or valid, or might be dispensed with altogether. An orderly administration of affairs requires that a special election for the purpose of levying a tax under the provisions of Act No. 256 of 1910 must be called by the governing authority of the district in which the election is to be held, whether it be called in response to a petition of the property tax payers or without such petition. An election held for that purpose without the authority of the governing body of the district in which the tax is to be levied is not a legal election.

The calling of the special meeting of the board of school directors to be held within a time too short to permit all of the members to be notified was not done with any improper motive in this instance. The purpose in hurrying the proceedings was to hold the election at the earliest date possible, in order to have the special tax extended upon the assessment rolls before they would be closed. But we have to deal only with the deed, not the motive. It will not do to sanction proceedings whereby a minority of the members of an executive board controlled its affairs by voting at a special meeting of which the members who did not vote against the proceedings were not allowed an opportunity to vote at all.

Our conclusion being that the special election and the tax levied in pursuance thereof are null, for the reasons stated above, it is unnecessary to consider the other complaints made in the plaintiff's petition.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the special election held in school district No. 17 of the parish of Claiborne on the 2d of October, 1914, and the special tax levied in pursuance thereof are null and void and of no effect. The defendant is to pay all costs of this suit.